Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOGERT ABRANTES and JOANNE GOSS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FITNESS EVOLUTION, LLC, FITNESS EVOLUTION ENCINITAS, FITNESS EVOLUTION, JEFF MAYERSON DBA FITNESS EVOLUTION, M GROUP FITNESS, LLC, SANJIV CHOPRA, JUSTIN BELL, CHRISTOPHER JOHNSON, FITNESS 19, FITNESS 19 CA 228, LLC, FITNESS EVOLUTION ASHLAN, FITNESS EVOLUTION BLACKSTONE, FITNESS EVOLUTION CENTERPOINT, FITNESS EVOLUTION FIGARDEN LOOP, AND FITNESS EVOLUTION HERDON. <br><br> Defendants. | Case No. 1:16-cv-00903-LJO-SKO <br><br> **FIRST AMENDED CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1.   VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs JOGERT ABRANTES and JOANNE GOSS ("Plaintiffs"), on behalf of themselves and all others similarly situated, alleges the following against Defendants FITNESS EVOLUTION, LLC, FITNESS EVOLUTION ENCINITAS, FITNESS EVOLUTION, JEFF MAYERSON DBA FITNESS EVOLUTION, M GROUP FITNESS, LLC, SANJIV CHOPRA, JUSTIN BELL, CHRISTOPHER JOHNSON, FITNESS 19, FITNESS 19 CA 228, LLC, FITNESS EVOLUTION ASHLAN, FITNESS EVOLUTION BLACKSTONE, FITNESS EVOLUTION CENTERPOINT, FITNESS EVOLUTION FIGARDEN LOOP, AND FITNESS EVOLUTION HERDON upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiffs' Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.     Plaintiffs, individually, and on behalf of all others similarly situated, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiffs' and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

-2-

4.    Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.    Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiffs reside within this District and Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6.    Plaintiff, Jogert Abrantes ("Plaintiff Abrantes"), is a natural person residing in Fresno County in the state of California, and is a "consumer" as defined by the EFTA, 15 U.S.C. §1693a(6).

7.    Plaintiff, Joanne Goss ("Plaintiff Goss"), is a natural person residing in San Diego County in the state of California, and is a "consumer" as defined by the EFTA, 15 U.S.C. §1693a(6)

8.    At all relevant times herein, DEFENDANT, FITNESS EVOLUTION, is a provider of gym services and memberships to gym facilities.

9.    At all relevant times herein, Defendant Fitness 19, is a provider of gym services and memberships to gym facilities.

10.    Defendant Fitness 19 is the parent company of multiple Fitness 19 companies, including Defendant Fitness 19 CA 228, LLC.

11.    Defendant Fitness Evolution is the Franchisor of gyms all across the nation and is the registered trademark of Defendant Jeff Mayerson dba Fitness Evolution and M Group Fitness LLC.

12.    Defendant Justin Bell is the vice president and operator of Defendant Fitness Evolution.

13.    Defendants Fitness Evolution, M Group Fitness, LLC, Justin Bell, and Jeff Mayerson dba Fitness Evolution sell the use of the Fitness Evolution

**FIRST AMENDED CLASS ACTION COMPLAINT**

Trademark as well as providing personal assistance and guidance, a website with online signup, integrated billing and marketing, and mobile ready, managed search engine optimization, branding, logos and secure trademarks, manuals, HR documents, business plan, proforma templates, interior design, equipment purchase agreements, and fully integrated campaigns to individuals such as Defendant Sanjiv Chopra.

14.     Defendant Sajniv Chopra is the president and chief operator of multiple individual Fitness Evolution locations, including Defendants Fitness Evolution Ashlan, Fitness Evolution Blackstone, Fitness Evolution Centerpoint, Fitness Evolution Figarden Loop, and Fitness Evolution Herdon.

15.     Defendant Christopher Johnson is the manager and operator of Defendant Fitness Evolution Encinitas.

16.     Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all defendants. Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

## FACTUAL ALLEGATIONS - EFTA

17.     Prior to January of 2016, Plaintiff Abrantes entered into an agreement with Defendant Fitness 19 CA 228 LLC, to use its gym facility and services.

18.     As part of this agreement, Defendant Fitness 19 CA 228 LLC would deduct funds totaling twenty four dollars ($24) from Plaintiff Abrantes's account on a reoccurring basis.

19.     Starting on or around January of 2016, Plaintiff Abrantes's account with Fitness 19 CA 228 LLC was transferred to Defendants Fitness Evolution, M

Group Fitness, LLC, Justin Bell, Jeff Mayerson dba Fitness Evolution, Sajniv Chopra, Fitness Evolution Ashlan, Fitness Evolution Blackstone, Fitness Evolution Centerpoint, Fitness Evolution Figarden Loop, and Fitness Evolution Herdon.

20.     Defendants Fitness Evolution, M Group Fitness, LLC, Justin Bell, Jeff Mayerson dba Fitness Evolution, Sajniv Chopra, Fitness Evolution Ashlan, Fitness Evolution Blackstone, Fitness Evolution Centerpoint, Fitness Evolution Figarden Loop, and Fitness Evolution Herdon subsequently began deducting funds from Plaintiff Abrantes's account in excess of twenty four dollars ($24) without Plaintiff Abrantes's consent.

21.     Prior to September 23, 2015, Plaintiff Goss entered into a similar gym membership.

22.     On or about September 25, 2015, Defendants Fitness Evolution, M Group Fitness, LLC, Justin Bell, Jeff Mayerson dba Fitness Evolution, Christopher Johnson, and Fitness Evolution Encinitas began deducting unauthorized funds from Plaintiff's account in the amount of around $480.00.

23.     On or about June 25, 2016, Plaintiff Goss canceled the membership agreement.

24.     Despite canceling the agreement, Defendants Fitness Evolution, M Group Fitness, LLC, Justin Bell, Jeff Mayerson dba Fitness Evolution, Christopher Johnson, and Fitness Evolution Encinitas continued to deduct sums from Plaintiff Goss' account.

25.     Defendants Fitness Evolution, M Group Fitness, LLC, Justin Bell, Jeff Mayerson dba Fitness Evolution, Christopher Johnson, and Fitness Evolution Encinitas deducted approximately $514.99 from Plaintiff Goss' account on or about July 7, 2016.

26.     Plaintiffs never provided Defendants with any authorization to deduct

any sums of money on a regular recurring basis from Plaintiffs' banking account. Defendants continued to deduct this monthly sum from Plaintiffs for several months without Plaintiffs' authorization.

27. Further, Defendants did not provide to Plaintiffs, nor did Plaintiffs execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

28. Plaintiffs did not provide Defendants either with a written or an electronic signature authorizing the recurring or automatic payments.

29. Plaintiffs allege such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

31. Plaintiffs represent, and are member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

32. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class

members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendants.

34. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

35. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a. The members of the Class entered into agreements with Defendant to have automatic, or recurring, electronic payments drawn from their personal accounts to be paid to Defendants towards settlement of the Class members' alleges services received by Defendants.

b. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

c. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

d. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic

payments.

e. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

36. As someone whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiffs are asserting claims that are typical of The Class.

37. Plaintiffs will fairly and adequately protect the interests of the members of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

38. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

39. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

40. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

41. Defendants failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

42. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

43. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

44. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

45. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

46. In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized

electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

47.     In multiple instances, Defendants debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

48.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

49.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiffs will fairly and adequately protect the interests of the Class and Plaintiffs have hired counsel able and experienced in class action litigation.

50.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

51.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

52.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as

all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

53.    The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
**(On Behalf of Plaintiffs and the Class)**

54.    Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

55.    Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

56.    Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

57.    Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

58.    In multiple instances, Defendants have debited Plaintiffs' and also the

putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

59.    In multiple instances, Defendants have debited Plaintiffs' and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiffs or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, FITNESS EVOLUTION, LLC, for the following:

60.    That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

61.    Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

62.    Actual damages;

63.    Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

64.    For prejudgment interest at the legal rate; and

65.    Any other relief this Honorable Court deems appropriate.

## TRIAL BY JURY

66.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffsare entitled to, and demands, a trial by jury.

Respectfully submitted this 28th day of November, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:    /s/ Todd M. Friedman
         Todd M. Friedman
         Law Offices of Todd M. Friedman
         Attorney for Plaintiff